IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

ELGIN HILLIARD, SR.,

    Plaintiff,

v.

RENE GUTIERREZ,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, RENE GUTIERREZ ("Defendant" or "Gutierrez"), pursuant to 28 U.S.C. § 1441 and § 1446, hereby files this Notice of Removal of the above-captioned action presently pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2020-011008-CA-01, and states as follows:

    1.    On or about May 17, 2020, Plaintiff, ELGIN HILLIARD, SR. ("Plaintiff"), filed a Complaint against Gutierrez in the Eleventh Judicial Circuit Court in and for Miami-Dade County Florida.

    2.    On or about June 11, 2020, Plaintiff's summons was issued; however the summons was returned with no service on or about August 8, 2020.

    3.    On or about September 29, 2020, the circuit court upon its *sua sponte* review of the file issued an Order To Show Cause Why Case Should Not Be Dismissed for Plaintiff's apparent failure to comply with Fla. R. Civ. P. Rule 1.070(j), which states, in pertinent part, that an action may be dismissed if service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading with the court.

4. On or about September 19, 2020, Plaintiff contemporaneously filed 1) Motion for Enlargement of Time to Complete Service of Process and Motion for Leave to Effect Substitute Service of Process on Defendant, and 2) Plaintiff's Response to Order to Show Cause.

5. On October 25, 2020, the Circuit Court granted Plaintiff's Motion for Enlargement of Time to Serve Process and to Serve by Substitute Service, ordering that Plaintiff have an additional 120 days to accomplish service.

6. On or about December 21, 2020, Plaintiff filed a Notice of Constructive Service by Publication with the Circuit Court, which provided, in pertinent part, that said notice shall be published once a week for four consecutive weeks in the Miami-Dade County Courthouse or Community Newspaper, and further provided a deadline of "February 2, 2020 (sic)" for Gutierrez to file a response to Plaintiff's Complaint.

7. Although Gutierrez never received any formal service of the Complaint, he received notice of Plaintiff's Service by Publication within the last thirty (30) days and has timely filed this Notice pursuant to 28 U.S.C. § 1446(b).

8. Plaintiff's Complaint asserts violations of federal law against Defendant, specifically under 42 U.S.C. Section § 1983, as well as state law claims for false arrest/false imprisonment, all of which allegedly occurred within the Southern District of Florida, specifically in Miami-Dade County.

9. The above-described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 (Federal Question) and is one which may be removed to this Court by Defendant pursuant to the provisions 28 U.S.C. §1441(a)-(c).

10. Additionally, Plaintiff previously filed a lawsuit in the Southern District of Florida arising out of the same facts as the instant matter, in which Gutierrez was named as a Defendant

but was ultimately dismissed as a party by the Court after Plaintiff failed to perfect service upon Gutierrez. Plaintiff's lawsuit proceeded against the remaining Defendant and ultimately was tried before the Honorable Cecilia Altonaga in March 2020, resulting in a verdict for Defendant. *See Hilliard v. City of Hialeah, et al*., S.D. Fla. Case No. 2018-cv-24594-CMA.

10. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to the adverse party and a copy of this Notice will be filed with the Clerk of the Circuit Court, in the form attached hereto as **Exhibit A**.

11. Although no process, pleadings, or orders have been served on Gutierrez in the underlying state court action, in an effort to comply with the intent of 28 U.S.C. § 1446(a), a copy of the Complaint filed in the circuit court has been attached hereto has **Exhibit B**, and a copy of all process, pleadings, and orders filed in the state court action have been attached hereto as **Exhibit C**.

12. A copy of the Federal Civil Cover Sheet filed in conjunction with this Notice of Removal has been attached hereto as **Exhibit D**.

Dated this 2<u>nd</u> day of February, 2021.

                Respectfully Submitted,

                <u>s/Robert L. Switkes</u>
                Robert L. Switkes, Esq.
                Florida Bar No. 241059
                <u>s/Bradley F. Zappala</u>
                Bradley F. Zappala, Esq.
                Florida Bar No. 111829
                **SWITKES & ZAPPALA, P.A.**
                407 Lincoln Road, Penthouse SE
                Miami Beach, Florida 33139
                Telephone: (305) 534-4757
                Facsimile: (305) 538-5504
                *Counsel for Defendant, Rene Gutierrez*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of February, 2021, I electronically filed the foregoing document with the Clerk of the Court using E-Filing Portal. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/Robert L. Switkes
Robert L. Switkes, Esq.

5

# SERVICE LIST
*Elgin Hilliard, Sr., v. Rene Gutierrez*
**United States District Court, Southern District of Florida**
Case No:

**April S. Goodwin**
APRIL S. GOODWIN, ESQ.
Florida Bar No. 0502537 The
Goodwin Firm
801 West Bay Dr., Suite 705
Largo, FL 33770
(727) 316-5333
april@goodwin-firm.com
*Attorney for Plaintiff*