IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

ELGIN HILLIARD, SR.

    Plaintiff,

v.                                                      CASE NO.:21-cv-20513-BB

RENE GUTIERREZ

    Defendant.

_____

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff, ELGIN HILLIARD, by and through his undersigned counsel, hereby files this Memorandum in Opposition to Defendant RENE GUTIERREZ's Motion to Dismiss Plaintiff's First Amended Complaint [D.E. 12], and in support of his opposition states the following:

## INTRODUCTION

Defendant RENE GUTIERREZ ("Defendant") has moved to dismiss Plaintiff's First Amended Complaint on the basis of res judicata. As demonstrated below, Defendant is not able to meet his burden for all for elements of res judicata, as required for him to successfully assert this defense. Defendant's arguments are without merit and his Motion to Dismiss should be denied.

1

For the purposes of this Response, citations to the docket entries in *Elgin Hilliard, Sr. v. City of Hialeah, et al.*, Civil Action No. 18-24594-CIV-ALTONAGA/Goodman ("Hilliard I") will be referenced herein as "[ECF No. __ ]", while citations docket entries in this matter will be referenced herein as "[D.E. __ ]".

## STATEMENT OF FACTS

On May 17, 2017, Defendant, a duly sworn Florida law enforcement officer, caused Plaintiff to be falsely arrested for felony assault on a law enforcement officer and/or breach of the peace.[1] [D.E. 8]. Plaintiff subsequently filed suit against Defendant and the Hialeah Housing Authority for false arrest and, as to the Housing Authority only, violations of the Fair Housing Act, First Amendment retaliation, and section 1983 claims. [ECF No. 68]. Defendant was eventually dismissed from the case, without prejudice, after Plaintiff was unable to perfect service on him. [ECF No. 29]. In the March 2020 jury trial regarding Plaintiff's Fair Housing Act claims against Defendant's employer, the Hialeah Housing Authority ("HHA"), Defendant testified, for the first time, that Plaintiff did not attempt to hit him with his cane, which was the basis for the felony assault charge, and that he did not personally witness the alleged breach of the peace. [D.E. 8]. Accordingly, Plaintiff brought the current action against Defendant.

---

[1] In Florida, an officer cannot legally make a warrantless arrest unless the crime was committed in his or her presence or the crime is one that is specifically exempted by statute. Fla. Stat. § 901.15 (2017). In 2017, breach of the peace was not an exception to the warrantless arrest rule. Accordingly, either the arrest for the breach of the peace would not have occurred but for the felony or it was also an illegal arrest.

## STANDARD OF REVIEW

"A motion to dismiss based on res judicata is problematic in the sense that res judicata is an affirmative defense that requires the Court to look outside of the pleadings, and Federal Rule of Civil Procedure 12(d) instructs the Court to convert such a motion into one for summary judgment." *Krauser v. Evollution Ip Holdings, Inc.*, 975 F. Supp. 2d 1247, 1251 (S.D. Fla. 2013). However, "'[a] district court may take judicial notice of certain facts without converting a motion to dismiss into a motion for summary judgment,'" and therefore need not convert it to a motion for summary judgment if it takes judicial notice of certain facts. *Id.* (quoting *Horne v. Potter*, 392 Fed.Appx. 800, 802 (11th Cir.2010) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 (11th Cir.1999)).

For the purposes of the Motion to Dismiss, the Court must view the allegations of the Amended Complaint in the light most favorable to Plaintiff, must consider the allegations of the Amended Complaint as true, and must accept all reasonable inferences therefrom. See, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); See, also, *Speaker v. U.S. Dept. of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote

and unlikely." *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. The Eleventh Circuit no longer employs a heightened form of scrutiny when evaluating civil right claims. Instead, it now recognizes the heightened pleading requirement was overruled by *Ashcroft v. Iqbal*, U.S., 129 S.Ct. 1937, 1949 (2009) and the *Iqbal/Twombly* standards apply to every case, including §1983 actions. See, *Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010).

## ARGUMENT

A. **Plaintiff's Claims are not Barred by Res Judicata**

As a general rule, res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding. The party asserting the res judicata defense bears the burden of showing these elements: (1) there must have been a final judgment on the merits; (2) the prior decision must have been rendered by a court of competent jurisdiction; (3) both cases must involve the same parties or their privies; ***and*** (4) both cases must involve the same causes of action. See *Dormescar v. U.S. Atty. Gen.*, 690 F.3d 1258, 1268 (11th Cir.2012) (citations, quotations, and notes omitted); see also *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892–93 (11th Cir.2013); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183,1187 (11th Cir.2003). "In determining whether the prior and present causes of action are the same, [the Court] must decide whether the actions arise 'out of the same nucleus of operative fact, or are based upon the same factual predicate.'" *Davila*, 326 F.3d at 1187 (quoting *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1297 (11th Cir.2001)).

1. Final Judgment on the Merits

There was no final judgment on the merits with respect to Defendant. Federal Rule of Civil Procedure 41(b) explains that "[u]nless the dismissal order states otherwise," the dismissal order "operates as adjudication on the merits." Fed. R. Civ. P. 41(b). A dismissal *without* prejudice, particularly when the issue leading to the dismissal is a technical one, is not a final judgment on the merits for purposes of res judicata. *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

> "The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim. That will also ordinarily (though not always) have the consequence of not barring the claim from other courts, but its primary meaning relates to the dismissing court itself. Thus, Black's Law Dictionary (7th ed. 1999) defines 'dismissed without prejudice' as 'removed from the court's docket in such a way that the plaintiff may refile the same suit on the same claim,' id., at 482, and defines 'dismissal without prejudice' as '[a] dismissal that does not bar the plaintiff from refiling the lawsuit within the applicable limitations period,' ibid."

*Id.* (quoting Black's Law Dictionary (7th ed. 1999)). See also, *Hughes v. Lott,* 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have res judicata effect.").

2. <u>Both Cases Must Involve the Same Parties</u>

In *Hilliard I*, Defendant was a named, but unserved party. [ECF No. 29].Named but unserved parties are not parties for the purpose of res judicata. See *Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1471 (11th Cir. 1986); see also *Davis v. Davis*, No. 13-10903, at *11-*12 (11th Cir. 2014) ("[A]n unserved defendant in the first action may not

5

affirmatively assert the doctrine of res judicata as a defense to the second action – unless the unserved defendant was in privity with a party to the first action." (citing *Hart*, 787 F.28 at 1471-1472).

"Privity is defined as a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *NAACP v. Hunt*, et al., 891 F.2d 1555, 1560 (11th Cir.1990). "Privity exists where the nonparty's interests were represented adequately by the party in the original suit." *Id.* "Privity also exists where a party to the original suit is so closely aligned to a nonparty's interest as to be his virtual representative." *Id.*

Defendant does not even attempt to argue he is in privity with the Defendant in *Hilliard I*, the Hialeah Housing Authority ("HHA"). Nor could he. He is merely an employee of HHA, not an agent. HHA did not represent his interests in the original suit. In fact, the causes of action relating to Defendant, whether he did in fact falsely arrest Hilliard, were not litigated as the summary judgment on the false arrest claim against HHA centered solely on the issue of vicarious liability in a 1983 claim. [ECF No. 106].

Defendant does argue he is entitled to a dismissal of the instant action under the doctrine of res judicata, even if he is not considered a party to *Hilliard I*, because, according to Defendant, "[i]n the Eleventh Circuit, 'a party may not avoid the application of res judicata by adding new parties.'" [D.E. 12] (citing *Ardis v. Anderson*, 662 F. App'x 729, 732 (11th Circuit 2016) (per curiam)). However, both *Ardis*, and the other case cited

6

by Defendant to support this position, *Endsley v. City of Macon*, 321 F. App'x 811 (11th Cir. 2008) were interpretations and applications of ***state*** res judicata doctrines to federal claims which had previously been litigated in state court. In both states, Georgia and Florida, there were statutes that mandated all claims concerning the same "subject matter" or set of facts be raised in the initial action. See *Id*. at 813; *Ardis*, 662 F. App'x at *6. Additionally, both cases involved multiple attempts to re-litigate the same issues with defendants who were in privity with the original defendant and/or blatantly just added to get another bite at the apple, but not who had been named and not served in any prior action. Unlike under Florida and Georgia law, federal procedural principles do allow for claims concerning the same subject matter or facts to be raised in later litigation, provided the other three elements of res judicata are not ***all*** met.

      3.      <u>Both Cases Must Involve the Same Causes of Action</u>

In determining whether a litigant has asserted the same cause of action in two proceedings, the Court must analyze whether the primary right and duty are the same in both cases. See *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992). In order to determine whether all legal theories and claims raised in the subsequent litigation arise out of the "same operative nucleus of fact" as the prior litigation, a court must examine the factual issues in the second action and compare them with the factual issues in the first. *Id*. at 1358-59 (quoting *NAACP v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990) (internal

quotation omitted). See also, *Pleming v. Universal-Rundle Corporation*, 142 F.3d 1354, 1356-1357 (11th Cir. 1998).

The only counts tried in *Hilliard I* dealt with the Fair Housing Act, neither of which have been pled in this action. [ECF No. 106]; [D.E. 8]. There was admittedly a false arrest claim against HHA based on vicarious liability. However, contrary to Defendant's assertion that "the Court again reaffirmed Gutierrez's dismissal from the lawsuit in its order on summary judgment in *Hilliard I*," this issue was not adjudicated on the merits as to the elements of the false arrest. Rather, the legal theory on which it was adjudicated was vicarious liability under section 1983, with the Court specifically stating it was not a tort claim. [ECF No. 106 at 7-8; 16]. Accordingly, the tort of false arrest was not at issue in *Hilliard I*, nor was the issue of the Fourth Amendment claim raised in the instant action.

4. <u>The Facts Proving the False Arrest Were Not Known to Plaintiff Until the Trial in *Hilliard I*</u>

As Defendant evaded service of both the complaint in *Hilliard I* and for deposition, the first time his testimony was taken regarding the incident in question was at the trial on March 2, 2020. Until then, there was no way that Plaintiff could have known that Defendant would admit Plaintiff had not committed felony assault on a law enforcement officer, as he advised the arresting officers he had done.

The Eleventh Circuit has held, "the doctrine of res judicata does not punish a plaintiff for exercising the option not to supplement the pleadings with an after-acquired

claim." *Pleming v. Universal-Rundle Corporation*, 142 F.3d 1354, 1357 (11th Cir. 1998) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992)). "Res judicata is no defense where, between the first and second suits, there has been a[ ] . . . modification of significant facts creating new legal conditions." *Jaffree v. Wallace*, 837 F.2d 1461, 1469 (11th Cir. 1988), (quoting *Jackson v. DeSoto Parish School Bd.*, 585 F.2d 726, 729 (5th Cir. 1978)).

## CONCLUSION

For the forgoing reasons, Plaintiff respectfully requests this Honorable Court deny Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Alternatively, Plaintiff respectfully requests the Court grant him leave to amend the First Amended Complaint.

Respectfully submitted this 29th day of March 2021.

> /s/ *April S. Goodwin*
> APRIL S. GOODWIN, ESQ.
> FLORIDA BAR NO: 0502537
> The Goodwin Firm
> 801 West Bay Drive, Suite 705
> Largo, FL 33770
> *Attorney for Plaintiff*
> Phone: (727) 316.5333
> april@goodwin-firm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 29, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to attorneys for Defendant, Robert L. Switkes, Esq.,

rswitkes@switkeslaw.com, Bradley F. Zappala, Esq., bzappala@switkeslaw.com, SWITKES & ZAPPALA, P.A., 407 Lincoln Road, Penthouse SE, Miami Beach, Florida 33139.

                                                     */s/ April S. Goodwin*
                                                     April S. Goodwin, Esq.
                                                     Florida Bar No. 0502537