ELGIN HILLIARD, SR.,

    Plaintiff,

v.

RENE GUTIERREZ,

    Defendant.

_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Rene Gutierrez's ("Defendant" or "Officer Gutierrez") Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [12] ("Motion"). Plaintiff Elgin Hilliard, Sr. ("Plaintiff") filed a response in opposition, ECF No. [14] ("Response"), to which Defendant replied, ECF No. [19] ("Reply"). The Court also held a hearing on the Motion on April 8, 2021 and has considered the arguments of counsel. *See* ECF No. [20]. The Court has carefully reviewed the Motion, all opposing and supporting submissions, the arguments presented at the hearing, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff initiated this civil rights action against Defendant on May 17, 2020, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. ECF No. [1-2]. On February 5, 2021, Defendant removed this action to federal court. ECF No. [1] ("Notice"); *see also* ECF No. [7]. Defendant now files the instant Motion, which seeks to dismiss this action with prejudice because the claims asserted in this case are barred under the doctrine of *res judicata*.

Plaintiff opposes the Motion. Moreover, the Court held a hearing on the Motion, which was attended by counsel for both parties.

Relevant to the instant Motion are two cases: (1) this action ("*Hilliard II*"); and (2) *Hilliard v. Hialeah Housing Authority*, No. 18-cv-24594-CMA (S.D. Fla. Nov. 1, 2018) ("*Hilliard I*").[1] Both cases were brought by Plaintiff and concern nearly identical facts surrounding Plaintiff's allegedly false arrest on May 17, 2016. The details of each case are discussed below.

### A. *Hilliard I*

On November 1, 2018, Plaintiff initiated *Hilliard I* against the City of Hialeah, the Hialeah Police Department, Chief of Police Sergio Velazquez, the Hialeah Housing Authority ("HHA"), HHA Chairperson Maida Gutierrez, and Officer Gutierrez,[2] asserting federal civil rights violations pursuant to 42 U.S.C. § 1983, state tort law claims, and a claim for retaliation under the Federal Housing Act ("FHA"), 42 U.S.C. § 3617, *et seq. See Hilliard I*, ECF No. [1]. On February 1, 2019, Officer Gutierrez was dismissed from the case without prejudice after Plaintiff failed to timely perfect service on him. *Hilliard I*, ECF No. [29]. Ultimately, on April 15, 2019, Plaintiff filed his Second Amended Complaint (the operative pleading), which again named Officer Gutierrez and HHA as defendants and dismissed all of the other previously named defendants. *See Hilliard I*, ECF No. [68]. The Second Amended Complaint alleges the following facts:

On May 17, 2016, Plaintiff visited the HHA office with documentation to support his application for a Section 8 voucher. *See id.* ¶¶ 17-20. During his visit, Plaintiff became upset with the HHA employees and, among other things, accused them of discrimination. *See id.* ¶¶ 21-26.

---

[1] Any docket entries from *Hilliard I* will be cited as "*Hilliard I*, ECF No. [__]."

[2] HHA is a public agency in the City of Hialeah that is responsible for operating the Section 8 Voucher Program. *Hilliard I*, ECF No. [68] ¶ 7. Officer Gutierrez is a retired City of Hialeah police officer and was employed by HHA as a fraud investigator at the time of the incident. *See id.* ¶ 8. The Second Amended Complaint in *Hilliard I* sued Officer Gutierrez in both his individual and official capacities. *Id.*

The HHA employees called Officer Rene Gutierrez, a retired police officer employed by Defendant, who arrived in the lobby shortly thereafter. Officer Gutierrez asked Plaintiff to step outside to speak with him. Once outside, Plaintiff, who was holding his cane, began asking Officer Gutierrez what he wanted and why he had asked him to come outside. Plaintiff then put his cane down and assumed what Officer Gutierrez believed to be a combative, "squaring" stance. Officer Gutierrez reached for his taser at one point during the encounter but never pulled it out from its holster. Plaintiff was arrested and charged with disorderly conduct and assault o[n] a law enforcement officer, but the charges were dropped.

*Hilliard v. City of Hialeah*, No. 18-24594-CIV, 2020 WL 554540, at *2 (S.D. Fla. Feb. 4, 2020)

(citations and footnote omitted).[3]

Based on these facts, the Second Amended Complaint asserted the following seven causes of action against Officer Gutierrez, who had not yet been served, and HHA: Count I – False Arrest and/or Imprisonment – 42 U.S.C. § 1983 Claim (Defendant Hialeah Housing Authority); Count II – False Arrest and/or Imprisonment – State Tort Claim (Defendant Gutierrez); Count III – Excessive Use of Force (Defendants Hialeah Housing Authority and Gutierrez); Count IV – 42 U.S.C. § 1983 First and Fourteenth Amendment Violation for Retaliation (Defendant Gutierrez); Count V – 42 U.S.C. § 1983 First and Fourteenth Amendment Violation for Retaliation (Defendant Hialeah Housing Authority); Count VI – Violation of 42 U.S.C. § 1983 (Defendant Hialeah Housing Authority); and Count VII – Retaliation Under the Federal Fair Housing Act (Defendant Hialeah Housing Authority). *See generally Hilliard I*, ECF No. [68] at 10-16.

On November 30, 2019, HHA filed a motion for summary judgment on all claims asserted against it. *Hilliard I*, ECF No. [85]. The Court in *Hilliard I* granted summary judgment in part and denied it in part. *See Hilliard I*, 2020 WL 554540, at *1. Specifically, summary judgment was granted in HHA's favor on Counts I, III,[4] V, and VI, and was denied as to the FHA claim asserted

---

[3] These undisputed facts are taken from the summary judgment order in *Hilliard I*.

[4] Of note, although the Order in *Hilliard I* granted summary judgment as to Count III of the Second Amended Complaint, it did so without engaging in any substantive analysis based on Plaintiff's statement

in Count VII. *See id.* The court in *Hilliard I* once again dismissed Officer Gutierrez without prejudice due to the lack of service. *Hilliard I*, 2020 WL 554540, at *3 n.4. Thus, Count VII proceeded to a jury trial. The jury trial on Count VII commenced on March 2, 2020. Officer Gutierrez testified during the trial on March 3, 2020. *See Hilliard I*, ECF No. [138]. Following a four-day jury trial on the surviving FHA claim, a jury returned a verdict for HHA, and final judgment was subsequently entered. *See Hilliard I*, ECF Nos. [133] & [134].

### B. *Hilliard II*

Turning to the instant action, as noted above, Plaintiff originally initiated this civil rights action against Defendant on May 17, 2020, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, ECF No. [1-2], and Defendant subsequently removed the case to federal court, ECF No. [1]. On March 1, 2021, Plaintiff filed his First Amended Complaint, ECF No. [8] ("Amended Complaint"), which asserts the following two counts against Defendant in his individual capacity only: Count I – False Arrest and/or Imprisonment and Count II – 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations. *See generally id.* The Amended Complaint details almost identical facts regarding the incident between Defendant and Plaintiff on May 17, 2016, but adds certain generalized statements elicited during Defendant's trial testimony in *Hilliard I*. These additional allegations detail, in relevant part, that:

> 30. . . . for the first time since Hilliard's arrest, on or about March 4, 2020, Defendant was truthful about his lack of probable cause to arrest Hilliard when he testified under oath to the following in a federal jury trial:
>
>> a. at no time did Defendant see Hilliard acting violent or threatening towards HHA employees while he was inside the building, in fact, when Defendant first saw Hilliard, Hilliard was sitting quietly and completing the complaint paperwork;

---

in his response to the motion for summary judgment of his intent to "voluntarily dismiss[]" that claim. *See Hilliard I*, 2020 WL 554540, at *3 n.4.

b. at no time did he see Hilliard behaving as if he was intoxicated or under the influence of substances;

c. at no time did Hilliard swing his cane at Defendant or move in any threatening manner towards him.

31. Until the moment when Defendant testified in March 2020, the story of Defendant reflected in the record was that Hilliard had swung his cane in a threatening manner towards Defendant on May 17, 2016; hence, his arrest on that date for felony assault on a law enforcement officer.

32. Put bluntly, Defendant either lied to his fellow law enforcement officers on May 17, 2016 in order to have Hilliard arrested or he lied under oath on the witness stand on March 4, 2020 when he was testifying before a jury in a federal trial.

ECF No. [8] ¶¶ 30-32.

Based on the earlier proceedings and ultimate judgment entered in *Hilliard I* on materially indistinguishable facts and legal theories, Defendant now moves to dismiss this action pursuant to the doctrine of *res judicata*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

When reviewing a motion brought pursuant to Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted," a court generally must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in plaintiff's favor. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002). Yet, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see also Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). Further, on a Rule 12(b)(6) motion, courts are generally limited to the facts alleged in the complaint and attached exhibits. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). Nevertheless, a district court may properly dismiss an action under Rule 12(b)(6) as barred by *res judicata*. *See Starship Enters. of Atlanta, Inc. v. Coweta Cnty., Ga.*, 708 F.3d 1243, 1252 n.13 (11th Cir. 2013) ("A party may raise the defense of res judicata in a Rule 12(b)(6) motion when the existence of the defense can be judged from the face of the complaint." (citing *Jones v. Gann*, 703 F.2d 513, 515 (11th Cir. 1983))).

## III. DISCUSSION

In his Motion, Defendant argues that this case should be dismissed with prejudice because the claims asserted against him in this action are, after *Hilliard I*, barred by *res judicata*. Defendant argues that each of the four required elements of *res judicata* are present here. Plaintiff opposes the Motion, responding that the claims are not barred by *res judicata* because they present different causes of action arising in part from newly uncovered facts elicited from Defendant at trial in *Hilliard I*. Plaintiff argues that *Hilliard I* did not constitute a final adjudication on the merits of the claims now presented and the doctrine of *res judicata* does not bar the claims in this case.

The doctrine of *res judicata*, or claim preclusion, refers to "the preclusive effect of a judgment in foreclosing relitigation of matters that should have been raised in an earlier suit."

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *see also In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) ("Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980))).[5] "A fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citing *S. Pac. R.R. Co. v. United States*, 168 U.S. 1, 48-49 (1897)).

As the United States Supreme Court has explained, the preclusive effect of a prior federal court judgment is determined by applying the rules of federal common law, and the doctrine is subject to due process limitations. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-08 (2001); *Richards v. Jefferson Cnty.*, 517 U.S. 793, 797 (1996)). Thus, for judgments rendered in cases proceeding on federal-question jurisdiction, courts will apply the federal common law rules of *res judicata*. *Id.* "For judgments in

---

[5] Indeed, the Court of Appeals for the Eleventh Circuit has explained that claim preclusion, or *res judicata*,

> treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." When the plaintiff obtains a judgment in his favor, his claim "merges" in the judgment; he may seek no further relief on that claim in a separate action. Conversely, when a judgment is rendered for a defendant, the plaintiff's claim is extinguished; the judgment then acts as a "bar." Under these rules of claim preclusion, the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial. The aim of claim preclusion is thus to avoid multiple suits or identical entitlement or obligations between the same parties, accompanied, as they would be by the redetermination of identical issues of duty and breach.

*Empire Fire & Marine Ins. Co. v. J. Transp., Inc.*, 880 F.2d 1291, 1295 (11th Cir. 1989) (citations omitted); *see also Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 140 S. Ct. 1589, 1594-95 (2020).

diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 891 n.4 (citing *Semtek Int'l Inc.*, 531 U.S. at 508).

> The principle of res judicata serves several policies important to our judicial system. By declaring an end to litigation, the doctrine adds certainty and stability to social institutions. This certainty in turn generates public respect for the courts. By preventing relitigation of issues, res judicata conserves judicial time and resources. It also supports several private interests, including avoidance of substantial litigation expenses, protection from harassment or coercion by lawsuit, and avoidance of conflicting rights and duties from inconsistent judgments.

*Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977) (footnotes omitted).[6]

A party seeking to invoke *res judicata* must show that the prior action: (1) was rendered by a court of competent jurisdiction; (2) was a final adjudication on the merits; (3) involved the same parties, or those in privity with them; and (4) involved the same causes of action. *See Hart v. Yamaha-Parts Distribs., Inc.*, 787 F.2d 1468, 1470 (11th Cir. 1986); *see also Ray v. Tenn. Valley Auth.*, 677 F.2d 818, 821 (11th Cir. 1982) (quoting *Stevenson v. Int'l Paper Co.*, 516 F.2d 103, 108 (5th Cir. 1975)). "[T]he burden is on the party asserting res judicata . . . to show that the later-filed suit is barred." *In re Piper Aircraft Corp.*, 244 F.3d at 1296 (citing *Thorsteinsson v. M/V Drangur*, 891 F.2d 1547, 1551 (11th Cir. 1990)). In addition, "[i]f even one of these elements is missing, res judicata is inapplicable." *Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992) (citing *NAACP v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990)).

Here, the parties dispute many of the *res judicata* factors and their applicability to this litigation. However, Plaintiff conceded the existence of certain elements at the hearing. The Court proceeds to examine each element and, as the most significant disagreement relates to whether there was a final adjudication on the merits in *Hilliard I*, the Court will address that element last.

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.

**A. Prior Decision Rendered by a Court of Competent Jurisdiction**

The parties in this case agree that the judgment in *Hilliard I* was rendered by a court of competent jurisdiction—namely, another court within this District—and the Court agrees. The claims in *Hilliard I* were based primarily upon federal civil rights statutes, and the court therefore had federal-question jurisdiction over the issues presented. Thus, the *Hilliard I* court had the authority to resolve the claims in that action. *See Langermann v. Dubbin*, 613 F. App'x 850, 853 (11th Cir. 2015); *see also Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1502 (11th Cir. 1990).

**B. Same Parties or Their Privies**

The next element of *res judicata* "provides that a judgment will only bar subsequent claims involving the same parties or their privies." *Citibank, N.A.*, 904 F.2d at 1502. As such,

> Identity of parties concerns two sets of persons. The first set is comprised of those persons who were actual parties in the original action. . . . The second set of persons to whom *res judicata* applies is composed of those persons who are or were in privity with the parties to the original suit.

*Hunt*, 891 F.2d at 1560 (citing *Lary v. Ansari*, 817 F.2d 1521, 1523 (11th Cir. 1987)). "'Privity' describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Hart*, 787 F.2d at 1472; *see also Sw. Airlines Co.*, 546 F.2d at 94-95 (noting that "federal courts have repeatedly held that judgments can bind persons not party to the litigation in question," and extends to those nonparties in privity with the party of record in the prior action).

"The general rule is that 'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'" *Baloco v. Drummond Co.*, 767 F.3d 1229, 1249 (11th Cir. 2014) (quoting *Taylor*, 553 U.S. at 884; *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). "However, a nonparty is bound by a

judgment if he was in privity with a party to that judgment." *DeBose v. Ellucian Co.*, 802 F. App'x 429, 434 (11th Cir. 2019) (citing *Griswold v. Cnty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010)); *see also Davis v. Davis*, 551 F. App'x 991, 996 (11th Cir. 2014) (explaining that "an unserved defendant in the first action may not affirmatively assert the doctrine of *res judicata* as a defense to the second action—unless the unserved defendant was in privity with a party to the first action").

Upon review, the Court concludes that the "identity of the parties" element is satisfied in this case. Undoubtedly, Plaintiff was and is an actual party to both *Hilliard I* and this action. In addition, although Defendant was one of two named defendants[7] in *Hilliard I*, he was later dismissed from the case due to Plaintiff's inability to timely serve him. *Hilliard I*, ECF No. [29].[8]

In their briefing on the instant Motion, the parties expended considerable effort disagreeing about whether Defendant was an actual party or a nonparty in privity with HHA in *Hilliard I*. Specifically, Plaintiff argued that this element could not be met in this case because Defendant was not a party to *Hilliard I* and was never properly served. Notably, however, at the hearing, Plaintiff conceded that Defendant is in privity with HHA, due to the employer-employee and/or principal-agent relationship between them. *See Citibank, N.A.*, 904 F.2d at 1502 (concluding "that employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless of which party to the relationship was first sued," and barring a suit against an employer

---

[7] As discussed above, HHA was ultimately the only other named defendant in *Hilliard I. Hilliard I*, ECF No. [68] ¶ 7. HHA is not a party to the instant action.

[8] It is worth noting that a plaintiff cannot avoid the preclusive effects of the *res judicata* doctrine simply by naming additional defendants in the new action, where the plaintiff's subsequent claims arose from the same facts as those at issue in the prior action and could therefore have been brought previously. In fact, "the Eleventh Circuit has recognized that a party 'may not avoid the application of *re*[*s*] *judicata* by adding new parties.'" *Ardis v. Anderson*, 662 F. App'x 729, 732 (11th Cir. 2016) (quoting *Endsley v. City of Macon, Ga.*, 321 F. App'x 811, 814 (11th Cir. 2008)).

after an action against its employee/agent directors was dismissed with prejudice); *see also DeBose*, 802 F. App'x at 434 (same). The Court is satisfied that privity exists here.

"There is privity between officers of the same government so that a judgment in a suit between a party and a representative . . . is res judicata in [relitigation] of the same issue between that party and another officer of the government." *Montford v. Metro. Dade Cnty. Gov't*, No. 98-1305-CIV, 2002 WL 34382746, at *3 (S.D. Fla. Mar. 27, 2002) (quoting *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402-03 (1940)). Defendant is employed by HHA and the relevant claims against HHA in *Hilliard I* were, in large part, premised upon Defendant's conduct during the course of his employment on May 17, 2016. As such, the Court finds that the privity requirement is satisfied. *See Laster v. City of Tampa Police Dep't*, 575 F. App'x 869, 872 n.3 (11th Cir. 2014) ("Claim preclusion would apply because the claims were raised, though abandoned prior to trial; there was a final judgment on the merits by a court of competent jurisdiction; and the City was in privity with [the officer] because the City's liability was based solely on [the officer's] actions."); *see also Mann v. Palmer*, 713 F.3d 1306, 1311 (11th Cir. 2013) ("Because Mann's new complaint is against the Warden and Secretary of the Department of Corrections in their official capacities, and his earlier complaint also named the Warden and Secretary of the Department of Corrections in their official capacities [in addition to other defendants], the defendants have established identity of parties."); *see also Shore v. Wilmington Tr.*, No. 16-25373-CIV, 2017 WL 1494509, at *4 (S.D. Fla. Apr. 20, 2017) (finding that privity existed where all of the claims against the defendant were solely based on the alleged wrongful conduct of its agent and not on any "concurrent or consecutive acts" by the defendant).

### C. Same Causes of Action

One of the most central inquiries in the *res judicata* analysis is whether the claims asserted

in the prior suit are the same as those asserted in the subsequent action. *See Andreu v. HP Inc.*, 272 F. Supp. 3d 1329, 1333 (S.D. Fla. 2017). Notably, however, this element does not require that the literal causes of action be identical across two cases. Rather, *res judicata*'s bar also encompasses those claims that *could have been raised* previously. *See Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002) (citing *In re Piper Aircraft Corp.*, 244 F.3d at 1296); *see also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003). As such, "[t]he issue is not what effect the present claim might have had on the earlier one, but whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one." *In re Piper Aircraft Corp.*, 244 F.3d at 1301 (quoting *In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993)). Courts must therefore determine whether the claims asserted in the prior and present actions "arise out of the same nucleus of operative fact, or [are] based upon the same factual predicate," such that the two cases are essentially the same "claim." *Id.* at 1297 (citation omitted).[9]

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt*, 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.*, 608 F.2d 1049, 1052 (5th Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). The test is one of substance, not form. *I.A. Durbin*, 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt*, 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.*, 725 F.2d 627, 632 (11th Cir. 1984)).

*Manning*, 953 F.2d at 1358-59; *see also In re Piper Aircraft Corp.*, 244 F.3d at 1296-97 ("[C]laims are part of the same cause of action for res judicata purposes when they arise out of the same transaction or series of transactions."); *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1239 (11th

---

[9] As another court in this District previously noted, the Eleventh Circuit has utilized four tests in determining the similarity of causes of action for *res judicata* purposes: "(1) primary rights and duties; (2) nature of the wrongs or violations; (3) operative nucleus of fact; and (4) same transaction or series of transactions." *Heller v. Plave*, 743 F. Supp. 1553, 1567 (S.D. Fla. 1990) (collecting cases).

Cir. 1999) ("It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.").[10]

Regarding the element of the similarity of claims, Plaintiff has presented seemingly conflicting arguments and admissions regarding the nature of the claims in this action. In particular, Plaintiff conceded at the hearing that the claims in this action are the same causes of action, as pled, as those brought in *Hilliard I*. Plaintiff further agreed that these claims were founded upon the same incident between Plaintiff and Defendant on May 17, 2016, as in *Hilliard I*. Nevertheless, Plaintiff takes the position in his briefing that *res judicata* does not apply in this case because Defendant's trial testimony unearthed new facts which were previously unknown to him, establishing the causes of action Plaintiff now asserts. Plaintiff's competing statements cannot be reconciled with the controlling law in this Circuit that, "if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, [] the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." *Ragsdale*, 193 F.3d at 1239. Indeed, upon review of Defendant's trial testimony, the Court finds no significant factual deviation or revelation that would justify Plaintiff's decision to bring these "new" causes of action

---

[10] "In this Circuit, therefore, *res judicata* does not bar a claim that was not in existence at the time of the original action unless the facts underlying the claim were actually raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d at 1299. The bar on litigating previously available causes of action precludes a plaintiff from "fil[ing] duplicative complaints in order to expand their legal rights" and "ensures that a plaintiff may not 'split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails.'" *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 841 (11th Cir. 2017) (quoting *Greene v. H&R Block E. Enters., Inc.*, 727 F. Supp. 2d 1363, 1367 (S.D. Fla. 2010)). Accordingly, the rule requires that "a plaintiff [] assert all of its causes of action arising from a common set of facts in one lawsuit." *Id.* (quoting *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011)); *see also Murray v. US Bank, N.A.*, No. 18-cv-80159, 2018 WL 3439451, at *3 (S.D. Fla. July 17, 2018). In other words, a litigant "cannot avoid preclusion by grounding his second action on a different theory of liability. Claim preclusion 'extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Hart*, 787 F.2d at 1470-71 (quoting *Olmstead*, 725 F.2d at 632).

based upon the same nucleus of operative facts. *See generally Hilliard I*, ECF No. [138]; *cf. Lucky Brand Dungarees, Inc.*, 140 S. Ct. at 1596 ("Claim preclusion generally 'does not bar claims that are predicated on events that postdate the filing of the initial complaint.'" (quoting *Whole Woman's Health v. Hellerstedt*, 579 U.S. ——, ——, 136 S. Ct. 2292, 2305 (2016))). Notably, even a cursory comparison of the Amended Complaint in this action, ECF No. [8], and the Second Amended Complaint in the prior action, *Hilliard I*, ECF No. [68], demonstrates that Plaintiff had all of the necessary facts throughout the proceedings in *Hilliard I*. Despite having all relevant facts, Plaintiff failed to timely assert his state and federal claims for false arrest against Defendant during his prior case.

Similarly, the Court finds no merit in Plaintiff's argument that the claims in this case are not barred under *res judicata* because they arose after *Hilliard I*. As Plaintiff acknowledged during the hearing on this Motion, the causes of action in this case are almost identical to those in *Hilliard I* and they are based upon the same events on May 17, 2016. That the claims in this action assert different theories of liability than the claims in *Hilliard I* is immaterial to the Court's analysis. As with many of the claims that were ultimately adjudicated in *Hilliard I*, both claims in this action center around whether Plaintiff's Fourth Amendment rights were violated when Officer Gutierrez arrested him. *See Hunt*, 891 F.2d at 1561 ("While it is arguable that the causes of action are different because of the different remedies sought, the rights claimed and the wrongs alleged are almost identical. Further, *res judicata* operates to preclude not only the issues raised in the prior action, but issues which could have been raised in the prior action."). As such, these claims could have been brought in *Hilliard I. See Cheshire Bridge Holdings, LLC v. City of Atlanta, Ga.*, 777 F. App'x 310, 321 (11th Cir. 2019) ("Claims that could have been brought are only precluded if they arise out of the same nucleus of operative facts in the prior case."); *see also Baloco*, 767 F.3d

at 1247 (precluding claims "arising out of the same nucleus of operative fact which could have been raised in the prior case").

In sum, the claims in this case arise out of the same nucleus of operative facts as those previously asserted in *Hilliard I*, involved the same rights and duties as those at issue in the earlier action, and raised similar challenges to those previously adjudicated. This case therefore involves the same causes of action as those presented in *Hilliard I*, which Plaintiff could have litigated previously. *See Jaffree v. Wallace*, 837 F.2d 1461, 1469 (11th Cir. 1988) (precluding second suit where the two cases "arose from the same 'operative nucleus of facts,'" "involved the same 'primary right and duty,'" sued similar parties as those in the prior suit, and asserted the same constitutional challenges in both actions).

### D. Final Judgment on the Merits

Lastly, the Court addresses whether there was a final adjudication on the merits in *Hilliard I*. Under *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana*, 440 U.S. at 153. "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940)). "It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *Nevada v. United States*, 463 U.S. 110, 129-30 (1983).

"In a conventional case, '[a] final order is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.'" *Thomas v. Blue Cross & Blue Shield*

*Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010) (citation omitted). Indeed, "disposition of a case on summary judgment grounds represents a final adjudication on the merits." *Griffith v. Wainwright*, 772 F.2d 822, 825 n.4 (11th Cir. 1985); *see also Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1170 (5th Cir. 1980) (explaining that "a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata"). Stated differently, "[a] judgment rendered upon a motion for summary judgment is . . . entitled to the full preclusive effect of any final judgment." *Bazile v. Lucent Techs.*, 403 F. Supp. 2d 1174, 1181 (S.D. Fla. 2005) (citing *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 517 F.2d 110 (5th Cir. 1975)). "When a judgment is rendered for the defendant, the plaintiff's claim is extinguished; *res judicata* bars the plaintiff from relitigating that same claim against the same defendant." *Akanthos Cap. Mgmt., LLC v. Atlanticus Holdings Corp.*, 734 F.3d 1269, 1271 (11th Cir. 2013) (citing *Jaffree*, 837 F.2d at 1466-67 (stating that finality for purposes of *res judicata* is when the district court issues its judgment)).

Although "a judgment is only conclusive regarding the matters that the parties might have litigated," "for res judicata purposes, claims that could have been brought are claims in existence at the time the original complaint [was] filed." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1118 (11th Cir. 2010) (quoting *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1357 (11th Cir. 1998)). As such,

> when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

*Gjellum v. City of Birmingham, Ala.*, 829 F.2d 1056, 1059-60 (11th Cir. 1987) (quoting *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 578-79 (1974)).

A decision on the substantive merits of a claim is one that addresses the persuasiveness and substantive shortcomings of the claims, as opposed to procedural hurdles such as the court's

authority to adjudicate the claims. *See Davila*, 326 F.3d at 1189. Moreover, the fact that a decision resolves a party's claims without addressing each individual issue in detail does not automatically foreclose an adjudication on the merits. In fact, the Eleventh Circuit has stated that "any contention that a judgment on the merits occurs only when the rendering court has addressed the substance of every claim to be later precluded is baseless." *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013); *see also Semtek Int'l Inc.*, 531 U.S. at 501-02 ("The original connotation of an 'on the merits' adjudication is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." (citation omitted)); *Montford*, 2002 WL 34382746, at *2 (The Eleventh Circuit has explained that "'with prejudice' and 'on the merits' are synonymous terms, both of which invoke the doctrine of claim preclusion." (quoting *Citibank, N.A.*, 904 F.2d at 1501)).

In this case, Defendant argues that there was a final judgment on the merits of the claims asserted in *Hilliard I*—the Order on summary judgment adjudicated the merits of the § 1983 claims in Counts I, III, V, and VI in HHA's favor and a jury returned a verdict for HHA on the FHA Retaliation claim in Count VII following trial. *See generally Hilliard I*, 2020 WL 554540, at *4-11; *see also Hilliard I*, ECF No. [133].[11] Ultimately, the court in *Hilliard I* entered final judgment for HHA and against Plaintiff. *See Hilliard I*, ECF No. [134]. Plaintiff now argues that there was no final judgment on the merits of any claims asserted against Officer Gutierrez in *Hilliard I*, as he was dismissed from the case without prejudice. In addition, Plaintiff contends that the Order in *Hilliard I* did not specifically address the state tort claim of false arrest or the Fourth Amendment violation on the merits, even when analyzing the viability of the § 1983 false arrest claim against HHA. Instead, Plaintiff states that the false arrest claim against HHA was never adjudicated on the

---

[11] In resolving Defendant's Motion, the Court will focus on the § 1983 claims that were adjudicated in the summary judgment order in *Hilliard I*, rather than on the Fair Housing Act Retaliation claim that was tried, because the § 1983 claims are directly relevant to the claims asserted against Defendant in this case.

merits because "the legal theory on which it was adjudicated was vicarious liability under section 1983, with the Court specifically stating it was not a tort claim." ECF No. [14] at 8. Because he believes that the false arrest claims were never adjudicated on the merits, Plaintiff maintains that *res judicata* does not bar this action.

The Court concludes that Plaintiff's arguments regarding the final judgment on the merits fail for a number of reasons. First, Plaintiff's position is inconsistent and contradictory to his concessions on the other *res judicata* elements. Indeed, the argument that Defendant cannot rely on the adjudication of the claims against HHA to support *res judicata* is plainly at odds with Plaintiff's concessions on privity and the nucleus of operative fact in this case. As explained above, "Res judicata [] applies to those persons in privity with the parties. 'Privity' describes a relationship between one who is a party of record and a nonparty that is sufficiently close so a judgment for or against the party should bind or protect the nonparty." *Hart*, 787 F.2d at 1472 (citing *Sw. Airlines Co.*, 546 F.2d at 95). Generally, "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen*, 449 U.S. at 94 (citing *Cromwell v. Cnty. of Sac*, 94 U.S. 351, 352 (1876)); *see also Richards*, 517 U.S. at 797 n.4 ("The doctrine of res judicata rests at bottom upon the ground that the party to be affected, or some other with whom he is in privity, has litigated or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction." (citing *S. Pac. R.R. Co.*, 168 U.S. at 48)).

Thus, inherent in Plaintiff's admission that Defendant is in privity with HHA is the underlying acknowledgement that Defendant and HHA have a sufficiently close relationship (i.e., their employer-employee relationship) that he can claim the protections of the judgment in *Hilliard I* for *res judicata* purposes. Further, as discussed above, the Court finds that Defendant is in privity

with HHA and, as a result, Defendant may properly seek to preclude the claims asserted against him in this action. *See Nevada*, 463 U.S. at 129-30 (explaining the finality of a claim as it relates to the parties or those in privity with the parties); *see also Montana*, 440 U.S. at 153 (same).

In addition, this conclusion is buttressed by the nature of the relief Plaintiff sought in the Second Amended Complaint in *Hilliard I*—namely, seeking to hold Defendant and HHA jointly and severally liable and to hold HHA vicariously liable for Officer Gutierrez's actions. *See Hilliard I*, ECF No. [68] at 1, 10-11. The inconsistency is evident but the argument is unconvincing. Here, Plaintiff asserted a claim—albeit unsuccessfully—for § 1983 municipal liability under a theory of *respondeat superior* in one action, only to then argue that the *Hilliard I* judgment cannot be applied to bar the instant claims against Defendant that are based on nearly identical facts as the claims in the prior action. "Other courts have similarly held that a party could not argue an alter ego or vicarious theory of liability while maintaining, for purposes of *res judicata*, that the relevant entities were not in privity with one another." *Bakov v. Consol. Travel Holdings Grp.*, No. 0:19-cv-61509, 2020 WL 9934410, at *3 (S.D. Fla. Apr. 9, 2020) (citing *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1275 (10th Cir. 1995) ("The product liability claim against Volkswagen AG was previously asserted against Audi NSU, the difference being that plaintiffs now allege that Volkswagen AG had a controlling relationship with Audi NSU and is therefore responsible for the torts of its subsidiary. If true, however, this "near alter ego" relationship would be sufficient to establish "privity" between the two corporations such that Volkswagen AG is entitled to assert the previous judgment as a bar to the claim now asserted."); *United States v. Avatar Holdings, Inc.*, No. 93-281-CIV-FTM-21, 1995 WL 871260, at *21 (M.D. Fla. Nov. 22, 1995) ("The Court [] agrees with Avatar Holdings' position that Plaintiff may not now be permitted to argue that Avatar Holdings is liable for the actions of its subsidiary under a theory of parent control of its subsidiary

and, at the same time, assert that although it is a parent corporation, it is not in privity with the subsidiary for the purpose of res judicata.")).[12]

Plaintiff's argument regarding the absence of a final judgment on the merits of the claims against Defendant is equally unpersuasive because, as Defendant notes, it ignores the relevant inquiry for determining whether *res judicata* applies. Specifically, with regard to barring claims under *res judicata*, it is well established that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised* in that action." *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981) (emphasis added). Notably, "the effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978); *see also Olmstead*, 725 F.2d at 631-32 ("The bar extends not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'"). It is therefore widely recognized that the claims barred under *res judicata* are not limited only to those claims that were specifically raised and adjudicated previously. Rather, this bar extends to any claims arising from the same nucleus of operative facts that could have been asserted in the prior action. In this case, the barred claims span beyond those related to HHA's liability for Officer Gutierrez's actions and

---

[12] *See also Freecharm Ltd. v. Atlas Wealth Holdings Corp.*, No. 11-20003-CIV, 2011 WL 4591929, at *7 (S.D. Fla. Sept. 30, 2011) ("Freecharm cannot attempt to assert liability against Atlas Wealth and Atlas One Holdings for the actions of their subsidiaries through their direction, control and management of Atlas One Financial, while simultaneously arguing that there is no privity between the parties. Likewise, Freecharm cannot argue that the individual defendants are liable in their capacities solely as officers for Atlas Wealth while in the same breath argue that the individual defendants are responsible for Atlas One Financial's "rogue securities brokerage operation." Simply stated, Freecharm cannot have its cake and eat it too. The complaint in its entirety, as well as the facts and arguments presented on summary judgment, establish that the interests of the Arbitration Respondents are parallel to Defendants' interest in this action. Those interests were adjudicated and represented adequately during the arbitration proceedings. There is indeed privity between the parties."), *aff'd*, 499 F. App'x 941 (11th Cir. 2012).

necessarily include Plaintiff's state and federal false arrest claims against Defendant. As such, the Court finds that the final judgment in *Hilliard I* precludes Plaintiff's claims in this action.

Additionally, Plaintiff's most concerning argument on this issue is that the summary judgment order in *Hilliard I* did not address the merits of the false arrest claim, even as to HHA, and that the only issue the court actually adjudicated on the merits was HHA's vicarious liability. *See* ECF No. [14] at 6, 8. The argument suggesting that the claim of false arrest was not at issue, and, thus, not adjudicated on the merits, lacks merit. In the summary judgment order, the court in *Hilliard I* conducted a detailed analysis and ultimately granted judgment as a matter of law for HHA on Count I—namely, "False Arrest and/or Imprisonment – 42 U.S.C. § 1983. *See Hilliard I*, ECF No. [68] at 10.[13] Courts are not required to address every possible issue presented in order to sufficiently adjudicate claims on the merits. *See Lobo*, 704 F.3d at 893. The court in *Hilliard I* clearly adjudicated the merits of the claims against HHA by setting forth a well-reasoned discussion "pass[ing] directly on the substance of [the] claim[s]" at issue on summary judgment. *Semtek Int'l Inc.*, 531 U.S. at 501-02.

Moreover, the summary judgment order in *Hilliard I* did not, as Plaintiff asserts, limit its analysis on Count I to whether HHA could be held vicariously liable for Officer Gutierrez's actions pursuant to the § 1983 false arrest claim. While the Order did preliminarily address the impropriety of seeking vicarious liability from a municipal entity on a § 1983 claim, the court then devoted an additional seven pages to the merits of the claims against HHA for municipal liability under § 1983. *See Hilliard I*, ECF No. [106] at 6-8 (discussing vicarious liability under state tort law versus under § 1983), 9-16 (discussing municipal liability under § 1983, including the existence of a widespread custom or practice of constitutional violations). Ultimately, the court in *Hilliard I*

---

[13] It is worth noting that Plaintiff's argument that the *Hilliard I* court failed to address the merits of the false arrest claim further supports the conclusion that the claims in this action could have been raised previously.

found that HHA was entitled to summary judgment on Count I, among others, because the claim for § 1983 false arrest against HHA was unsupported by any record evidence. Undoubtedly, the summary judgment order was a final judgment on the merits of Plaintiff's false arrest claim that bars the claims asserted in this action. *See Griffith*, 772 F.2d at 825 n.4 ("[D]isposition of a case on summary judgment grounds represents a final adjudication on the merits.").

*     *     *

In sum, the Court finds that each *res judicata* element has been satisfied and dismissal of this action is therefore warranted.[14]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion, **ECF No. [12]**, is **GRANTED**. The above-styled case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 1, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

---

[14] Although Plaintiff also requests leave to amend in passing, *see* ECF No. [14] at 9, the Court finds this request to be improper, unsupported by any argument or supporting law, and futile, as no additional allegations could overcome the bar of *res judicata* in this case. As such, this cursory request to amend is denied. *See Ferrier v. Atria*, 728 F. App'x 958, 962 (11th Cir. 2018).